FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2015 FEB 26  AM 8: 57

CLERK OF DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
                    DEPUTY

LEONARD DEMOND HUNTER,
                    Movant,

-vs-                                            Case No.  A-14-CA-863-SS
                                                [No. A-13 CR 208-SS]

UNITED STATES OF AMERICA,
                    Respondent.

_____

**O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Leonard Demond Hunter's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [#34], and Respondent United States of America (the Government)'s Response [#41]; Movant Hunter's Motion for Discovery [#35]; and Movant Hunter's Motion for Extension of Time [#36]. Having considered the documents, the file as a whole, and the governing law, the Court enters the following opinion and orders DENYING the § 2255 motion.

**Background**

On April 16, 2013, Movant Leonard Demond Hunter was charged in a one-count indictment with Possession with Intent to Distribute Cocaine Base, a Class C felony offense, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C). On June 5, 2013, Hunter entered a plea of guilty to the indictment. On September 13, 2013, the Court sentenced Hunter to a 144-month term of imprisonment, followed by a five-year term of supervised release, and ordered Hunter to pay a $100 mandatory assessment fee. A direct appeal was not taken in this case.

On September 10, 2014, Hunter filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In his motion, Hunter alleges he was denied effective assistance of counsel because his attorney: (1) failed to timely file a motion to suppress the search of his vehicle; (2) failed to challenge jurisdiction in the district court prior to advising him to plead guilty; and (3) failed to perfect an appeal in his case.

**Analysis**

## I.      Legal Standard

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the District Court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure; it cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). In addition, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Placente*, 81 F.3d at 558.

II.     **Application**

A.      **Ineffective Assistance of Counsel**

The United States Supreme Court's decision in *Strickland v. Washington* provides the familiar two-pronged test for establishing a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In the context of sentencing, the movant must demonstrate a reasonable probability that, but for counsel's errors with respect to sentencing matters, he would have received less time in prison. *See United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004).

1.      **Failure to file motion to suppress**

Hunter argues his attorney provided ineffective assistance of counsel by failing to file a motion to suppress the evidence found in his vehicle prior to advising him to enter a plea of guilty. Hunter, however, specifically waived his right to file a motion to suppress when he entered his guilty plea. *See* Plea Agreement [#22] at 2–3. In addition, the factual basis from Hunter's plea agreement indicates a motion to suppress would have been futile as it provides in relevant part:

> On February 5, 2013, APD Task Force officers were conducting a spotter operation at 12th and Chicon Streets in Austin, TX. The area is one of the most notorious open air drug markets in East Austin. An officer using binoculars observed Leonard Demond HUNTER walk with three others toward a 1998 Toyota parked in a lot on 12th street. Hunter entered the car at the driver's door, sat in the driver's seat for about 30 seconds and then left the car. He then handed a large, white rock-like object

from his right hand and gave it to a black female.  The female then placed the object in her mouth and walked away.  The officer had seen this activity on dozens of occasions in the past and recognized the transaction as consistent with crack distribution.  HUNTER was stopped and detained so that officers could investigate the transaction.   Shortly thereafter, officers discovered that HUNTER had an outstanding warrant for possession of marijuana; he was arrested on the warrant. Hunter was searched incident to the arrest and found in possession of a set of car keys.

Officers went to the Toyota they had seen HUNTER enter.  The car keys found in his pocket fit the Toyota.  A search of the Toyota revealed a plastic bag in a cup holder between the front seats.  The bag contained 17 g of cocaine base.  HUNTER was arrested and later released on a state bond.

HUNTER was indicted by a federal grand jury on April 14, 2013.  A warrant for his arrest was issued as Hunter had been released on bond by Travis County.  Armed with that federal warrant, APD officers located Hunter on April 18, 2013.  Hunter was found in possession of more than 65 grams of crack cocaine and a small quantity of marijuana at the time of his arrest.

*Id.* at 6.  Hunter signed the plea agreement and in so doing admitted all of the allegations contained in the factual basis were true and correct.  *Id.* at 8.  Hunter also pleaded guilty pursuant to his plea agreement under oath at his rearraignment.  *See* Resp. [#41-1] Ex. A (Rearraignment Tr.) at 2, 7–12, 20–23.

Even if Hunter's counsel had filed a motion to suppress, such a motion would have been futile.  First, there was probable cause to search Hunter's vehicle based upon the observed drug transaction where the vehicle was the source of the drugs.  Under the automobile exception to the Fourth Amendment's warrant requirement, authorities are permitted to search a vehicle when they have probable cause to believe the vehicle may contain contraband.  *United States v. Saucedo-Muniz*, 307 F.3d 344, 351 (5th Cir. 2002).

Second, inevitable discovery of the drugs would have occurred since the vehicle was impounded requiring inventory of the vehicle.  *See United States v. Singh*, 261 F.3d 530, 535 (5th

Cir. 2001) ("To satisfy the inevitable discovery exception to suppression, there must have been a reasonable probability that the evidence would have been discovered from an untainted source."). An inventory search of the car would have revealed the crack cocaine.

Finally, Hunter benefitted from entering into a plea agreement whereby he waived all pretrial motions. In the absence of the plea agreement, Hunter was exposed to a mandatory statutory minimum sentence of 10 years and a maximum up to life. The United States Sentencing Guidelines also exposed Hunter to a sentencing range of 151 to 188 months, 44 months less than recommended by the Government pursuant to his plea agreement sentence. As such, it was far more favorable to Hunter to not pursue suppression issues in exchange for his 11(c)(1)(c) plea agreement, which capped Hunter's sentencing range at 144 months.

An attorney is not required to make futile objections. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Failure of an attorney to raise a meritless argument "cannot form the basis for a successful ineffective assistance of counsel claim" if the result of the proceeding would not have been different had the issue been raised. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). In this case, any recommendation by Hunter's counsel that he file a motion to suppress would have been futile and actually would have hurt Hunter's cause. Instead, Hunter's counsel advised him to waive all pretrial motions to negotiate a better plea deal, and as a result Hunter received a lighter sentence than he otherwise would have.

### 2. Failure to challenge jurisdiction in the district court prior to advising him to plead guilty

Hunter contends—in one sentence—his counsel was "ineffective for failing to challenge jurisdiction in the district court prior to advising [him] that he should plead guilty to Count One as

charged in the indictment." Mot. Vacate under § 2255 [#34] at 6.  Hunter fails to explain this argument, and the Court sees no basis for it.

### 3.    Failure to perfect an appeal in his case

Hunter argues—also in one sentence—his counsel was "ineffective for failing to perfect an appeal." *Id.* at 6.  Hunter, however, knowingly and voluntarily waived his right to appeal his conviction, sentence, and forfeiture, and the right to contest his conviction and sentence in a post-conviction proceeding as part of his plea agreement. *See* Rearraignment Tr. at 9.  In addition, at sentencing, the Court advised Hunter he had fourteen days in which to file a notice of appeal unless he waived the right to appeal as part of his plea agreement. *See* Resp. [#41-2] Ex. B (Sentencing Tr.) at 10.

The Supreme Court has held an attorney's performance is "professionally unreasonable" if he fails to follow the defendant's expressed instructions with respect to an appeal.  *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).  In addition, an attorney has an obligation to (1) "file a notice of appeal, or (2) . . . discuss the possibility of an appeal with the defendant, ascertain his wishes, and act accordingly." *Id.*  Failure of counsel to perfect an appeal upon the request of his client may constitute ineffective assistance of counsel, which would entitle the defendant to an out-of-time appeal.  *United States v. Gipson*, 985 F.2d 212, 215 (5th Cir. 1993).  Prejudice is presumed under *Strickland. See United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).  A defendant will be entitled to an out-of-time appeal if he is able to demonstrate by a preponderance of the evidence he requested an appeal, and his attorney failed to follow his instructions. *Id.*

Leaving aside the waivers Hunter made as part of his plea agreement, Hunter does not allege he desired to appeal or that he communicated this desire to his attorney.  Consequently, Hunter does

not make out the basic elements of a claim under *Flores-Ortega*. Relatedly, Hunter fails to demonstrate by a preponderance of the evidence he told his lawyer to file a notice of appeal, and his attorney failed to do so. As a result, there is no showing of deficient performance or prejudice under *Strickland*.

## III.    Motion for discovery and motion for extension of time

On September 10, 2014, along with his § 2255 motion, Hunter filed a motion for discovery and motion for extension of time. A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (addressing discovery in the § 2254 context). A judge may, however, "for good case, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." FED. R. GOVERNING SECTION 2255 PROCEEDINGS 6(a). Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." *Bracy*, 520 U.S. at 908–09 (interpreting "good cause" under the Federal Rules Governing Section 2254 Proceedings, which contain the same language as in the § 2255 rules). "A party requesting discovery must provide reasons for the request." FED. R. GOVERNING SECTION 2255 PROCEEDINGS 6(b). "The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." *Id.*

Hunter seeks a copies of all records, either from the Government or from his own attorney, regarding his arrest on February 5, 2013. Hunter wants these documents to build his case for why his lawyer should have filed a motion to suppress. Relatedly, Hunter filed his motion for extension of time to file a supplemental pleading to his § 2255 motion. Hunter represents he needs 90 days

to obtain the discovery requested in his motion for discovery and formulate his legal arguments. Hunter's requested deadline of January 5, 2015, has now passed, and he has not filed any pleadings since September 10, 2014. Hunter has had ample time to gather any discovery he needed and submit any legal argument he wanted. Moreover, the Court does not find Hunter has established good cause because, as explained above, Hunter's contemplated motion to suppress would be futile, and there is no indication any records he might collect from his own attorney or the Government would alter that conclusion. The Court therefore grants his motion for extension of time and dismisses his motion for discovery.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Hunter's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, a certificate of appealability shall not be issued.

**Conclusion**

Accordingly,

IT IS ORDERED that Movant Leonard Demond Hunter's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [#34] is DENIED;

IT IS FURTHER ORDERED that Movant Hunter's Motion for Discovery [#35] is DISMISSED;

IT IS FURTHER ORDERED that Movant Hunter's Motion for Extension of Time [#36] is GRANTED;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 25ᵗʰ day of February 2015.

SAM SPARKS
UNITED STATES DISTRICT JUDGE